UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

BOBBIE JEAN LEADFORD,

        Plaintiff,                         Case No. 15-cv-13565

v.                                        Honorable Thomas L. Ludington

BULL MOOSE TUBE COMPANY,

        Defendant.

_____/

**ORDER GRANTING IN PART MOTION FOR RECONSIDERATION, AMENDING OPINION AND ORDER, DIRECTING CLERK TO CONVERT MOTION AND DENYING REQUEST FOR INTERLOCUTORY APPEAL AND STAY PENDING APPEAL**

On March 15, 2016, this Court entered an order denying in part Defendant Bull Moose Tube's motion to dismiss for lack of personal jurisdiction or improper venue and converted Bull Moose's motion to a motion for summary judgment. A limited discovery period was also directed. The parties were to conduct one month of discovery on the issue of whether Plaintiff Bobbie Jean Leadford had named the proper party as defendant.

On March 25, 2016, Bull Moose filed a "Motion to Amend and Certify Order for Interlocutory Appeal Under 28 U.S.C. § 1292(B), And to Stay Proceedings Pending Appeal Determination." Def.'s Mot. Amend, ECF No. 24. Bull Moose argues that the Court erred in its March 15 Opinion by concluding that the personal jurisdiction waiver rule articulated in *Gerber v. Riordan*, 649 F.3d 514, 520 (6th Cir. 2011), had to be followed due to the recency of the decision. In fact, it explains, the Sixth Circuit rule is to the contrary. The earliest panel opinion by the Sixth Circuit controls the point at issue. *United States v. Simpson*, 520 F.3d 531, 539 (6th Cir. 2008). A number of Sixth Circuit opinions that predate Gerber explain that the rule from

Gerber—that entering a general appearance waves any objection to personal jurisdiction—is an antiquated one that no longer applies in the Sixth Circuit. *See, e.g.*, *Friedman v. Estate of Presser*, 929 F.2d 1151, 1157 n.7 (6th Cir. 1991); *Cty. Sec. Agency v. Ohio Dep't of Commerce*, 296 F.3d 477, 483 (6th Cir. 2002). Indeed, *Gerber* is an outlier and should not be followed. *See King v. Taylor*, 694 F.3d 650, 661 n.7 (6th Cir. 2012) (citing to *Gerber* and noting that "[i]nsofar as some of [the Sixth Circuit's] more recent cases might suggest" that general appearances waive personal jurisdiction objections, they are inapplicable in light of *Friedman*).

As a result, Bull Moose's motion for reconsideration (styled as a motion to amend) will be granted. The Court's March 15 Opinion and Order will be modified to the extent that it holds Gerber's rule to be applicable. Bull Moose's motion to dismiss will be reinstated. The rest of the order remains unchanged, however. Discovery on the question of personal jurisdiction is still necessary, consistent with the terms of discovery already articulated. Similarly, supplemental briefing is also still necessary. The parties' efforts at determining the appropriateness of Bull Moose as Defendant should be expanded to also focus on the propriety of the Court exercising personal jurisdiction over Bull Moose Tube and the propriety of this Court as a venue for this matter.[1]

Because the substantive relief Bull Moose sought has been granted, its requested procedural remedy will be denied. There is no controlling issue of law to be resolved on interlocutory appeal: *Gerber* is not good law. Nothing will be gained by an interlocutory appeal that would materially advance the litigation. The relief obtained by asking the Court to amend its May 15 Opinion and Order suffices. The request for an interlocutory appeal and stay pending that appeal will be denied.

---

[1] Because the rule in *Gerber* should not be followed, the Court's conclusion concerning Bull Moose's claim of improper venue is also incorrect. Bull Moose's objection to proper venue is also reopened and discovery should be conducted on the issue.

Accordingly, it is **ORDERED** that Defendant Bull Moose Tube's motion for reconsideration, styled as a motion to amend, ECF No. 24, is **GRANTED in part**.

It is further **ORDERED** that the Court's March 15, 2016 Opinion and Order, ECF No. 23, is **AMENDED** to the extent indicated herein. The procedural directives of the order remain unchanged.

It is further **ORDERED** that the portion of the Court's March 15, 2016 Opinion and Order converting Defendant Bull Moose Tube's motion to dismiss to a motion for summary judgment is **VACATED**.

It is further **ORDERED** that the Clerk of Court is **DIRECTED** to convert Defendant Bull Moose Tube's motion for summary judgment, ECF No. 12, back to a motion to dismiss.

It is further **ORDERED** that Defendant Bull Moose Tube's request for interlocutory appeal and stay pending appeal, ECF No. 24, is **DENIED**.

Dated: March 25, 2016  s/Thomas L. Ludington
THOMAS L. LUDINGTON
United States District Judge

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on March 25, 2016.

s/Michael A. Sian
MICHAEL A. SIAN, Case Manager